IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 12-cv-00291-LTB-MEH

GARY ADLER,

      Plaintiff,

v.

AMERICAN HOME MORTGAGE SERVICING, INC.,

      Defendant.

_____

ORDER
_____

This matter is before me on Plaintiff Gary Adler's Motion to Amend the Judgment in this Matter to Allow for Leave to File a Second Amended Complaint and to Reconsider the Court's Order Dismissing the Action **[Doc #29]**. After considering the parties' arguments, for the reasons below, I DENY the motion.

### I. Background

This motion arises from Adler's discrimination action against Defendant American Home Mortgage Servicing, Inc. ("American"). Adler alleged that he was legally blind and, as a result, that he could not read American's correspondence, documents, and website. American was servicing Adler's mortgage, which it had bought from the original mortgagor. Adler repeatedly asked American to issue all correspondence and documents to him in 24-point bold font and to alter its website so he could read and access materials pertaining to his mortgage. American refused. Feeling aggrieved, Adler brought claims under the Fair Housing Act (the "FHA"), 42 U.S.C. § 3604(f)(2),

Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 701 *et seq.*, and the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12181 *et seq*.

American filed a motion to dismiss Adler's original complaint. *See* Docket #7. Adler moved for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a). *See* Pl.'s Mot. Docket # 17. I granted Adler's motion and accepted his first amended complaint. *See* Docket ## 18, 19. American then filed its motion to dismiss the first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* Docket #24. On June 27, 2012, I issued an order granting that motion (the "Order"). Docket # 27. Judgment was entered in American's favor on July 5, 2012. *See* Docket #28.

Adler now moves pursuant to Fed. R. Civ. P. 15 and 59(e). He seeks an amendment of the judgment allowing him leave to amend his first amended complaint and reconsideration of the Order–specifically and only my determination that he did not state a claim under Section 504.

## II. Law

Rule 15(a) provides that a party may its pleadings once as a matter of course at any time before a responsible pleading is served. *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 370 (10th Cir. 1989). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A court should freely grant leave "when justice so requires." *Id.* "[T]his presumption," however, "is reversed in cases, such as here, where a plaintiff seeks to amend a complaint after judgment has been entered and a case has been dismissed." *The Tool Box, Inc. v. Ogden City Corp.* 419 F.3d 1084, 1087 (internal quotations omitted). The Tenth Circuit has "repeatedly and unequivocally held that, once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e)." *Id.*; *accord Seymour v. Thornton*, 79 F.3d 980, 987 (10th Cir. 1996); *see*

2

*also Combs v. PricewaterhouseCoopers LLP*, 382 F.3d 1196, 1205 (10th Cir. 2005); *U.S. v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).

Rule 59(e) allows a litigant subject to an adverse judgment by a trial court to seek reconsideration of that judgment by filing a motion to amend or alter the judgment. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend must be filed within 28 days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Three major grounds justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

### III. Discussion

In his motion, Adler argues that relief per Rule 59(e) is appropriate on two grounds. The first is the availability of new evidence. The second is the need to correct clear error. I address these arguments in turn and conclude that Adler fails to show that relief under 59(e) is warranted.

### A

Adler first argues that "in reviewing [American's] web site in connection with the Motion to Dismiss the [first amended complaint], [he] discovered that [American] also receives federal funding from federal entities Fannie Mae and Freddie Mac, and such facts were not known at the time the [first amended complaint] was filed." Pl.'s Mot. at 3. This information, Adler urges, "raised the issue, factually, that [American] receives federal funding from those sources and thus may be liable under Section 504." *Id.* He argues that refusing to amend the judgment to grant him leave to add this information to the first amended complaint will result in manifest injustice.

This argument fails for multiple reasons. Adler fails to establish that this information is "new" or was otherwise unavailable. I need not look further than Adler's motion: Adler discovered this information "in reviewing [American's] web site in connection with the Motion to Dismiss the [first amended complaint]." Pl.'s Mot. at 3. He thus had this information before the Order was issued and judgment was entered. Adler also fails to demonstrate how this information was "unavailable," as it appears from the briefs that it was on American's publicly accessible web site. Adler therefore does not show that amending the judgment is justified on grounds of the availability of new evidence. *See The Tool Box*, 419 F.3d at 1087 ("Courts have refused to allow a postjudgment amendment when the moving party had an opportunity to seek the amendment before entry of judgment but waited until after judgment before requesting leave.").

Nor does he establish that manifest injustice will result from a refusal to amend the Order. If this information was available and known to Adler prior to the Order and judgment, it is unclear from where "manifest injustice" derives if he is not allowed to add that information to his first amended complaint now. Furthermore, Adler already alleged in his first amended complaint that American receives federal funding, an allegation necessary to state claim under Section 504. Pl.'s First Am. Compl. at ¶¶ 13, 25; *Barber v. Colorado*, 562 F.3d 1222, 1228 (10th Cir. 2009). That claim was not dismissed for failing to sufficiently allege that American receives federal funding. *See* Docket #27 at 10-12. Not only, then, does the complaint's extant allegation of federal funding vitiate the alleged "newness" of the Fannie Mae and Freddie Mac information, it also shows that its absence did not and would not harm Adler in the way required for "manifest injustice."

**B**

Adler secondly argues that the Order should be altered to correct clear legal error regarding the dismissal of his Section 504 claim. That claim alleged that by failing to modify its correspondence to him regarding the federal Home Affordable Modification Program ("HAMP"), American violated Section 504 of the Rehabilitation Act. Citing *Barber*, *supra*, I first stated that "[t]o establish a prima facie claim under Section 504, Adler must demonstrate that "(1) [he] is handicapped under the Act; (2) [he] is otherwise qualified to participate in the program; (3) the program receives federal financial assistance; and (4) the program discriminates against [him]." *See* Docket #27 at 11. American challenged whether Adler had sufficiently pled the second element, and I determined the following:

> HAMP has eligibility requirements, and even an eligible mortgage is not automatically entitled to modification under the program. *See, e.g., Boyd v. U.S. Bank*, 787 F.Supp.2d 747, 753 (N.D. Ill. 2011) ("Defendants are correct that HAMP does not automatically entitle eligible borrowers to loan modifications."), *Hart v. Countrywide Home Loan, Inc.*, 735 F.Supp.2d 741, 747 (E.D. Mich. 2010) ("[E]ven if the Court assumes that Plaintiff's mortgage was eligible for modification under [HAMP], Plaintiff's claims fail because Plaintiff misconstrues [HAMP]. [HAMP] do[es] not impose a duty on Defendant to modify every eligible mortgage and thus, even if Plaintiff had been eligible for loan modification, her claims still fail."). Even though this by itself would not be enough, the complaint fails to generally allege that he was qualified for HAMP. *See.* Compl., Docket #19*; see also Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusion or a formulaic recitation of the elements of a cause of action will not do.") (internal quotations omitted). More importantly, assuming, *arguendo,* it did so allege, the complaint is nevertheless bereft of the necessary further factual enhancement in support thereof. *See* Compl., Docket #19; *see also Iqbal*, 556 U.S. at 678. Thus, Adler fails to make a prima facie claim under § 504.

*Id.* Here, Adler does not challenge the four elements of a prima facie Section 504 claim. He instead argues that my construction of "otherwise qualified" is clear legal error. His position is that to show he was "otherwise qualified," he only had to allege was that he had a mortgage serviced by

American, not that he met HAMP's requirements. Pl.'s Mot. at 5. From this he argues that American was required to accommodate him in accessing and applying to HAMP.

I disagree. In the first instance, Adler fails to cite a single legal authority in support of his construction of "otherwise qualified" in this context. *See* Pl.'s Mot. at 4-6. And while he instead attempts to analogize HAMP to ADA and Section 504 prescriptions in employment applications, he still fails to cite any authority supporting that importation.

Additionally, Supreme Court precedent strongly suggests that my construction of "otherwise qualified" is not clearly legally erroneous. In *Southeastern Community College v. Davis*, 442 U.S. 397 (1979), a plaintiff with a major hearing disability sought admission to a college to be trained as a registered nurse, but she was not capable of safely performing as a nurse even with full-time supervision. The Court concluded that "[a]n otherwise qualified person is one who is able to meet all of a program's requirements in spite of his handicap." *Id.* at 406 (affirming district court's ruling that an "[o]therwise qualified, can only be read to mean otherwise able to function sufficiently in the position sought in spite of the handicap, if proper training and facilities are suitable and available."). In *Davis*, the "program" was the specific nursing program to which the plaintiff had applied, not to the community college as a whole. *See, e.g.*, *id.* at 405 ("Section 504 by its terms does not compel educational institutions to disregard the disabilities of handicapped individuals or to make substantial modifications in *their programs* to allow disabled persons to participate.").

In *Alexander v. Choate*, 469 U.S. 287 (1985), Medicaid recipients challenged the State of Tennessee's proposal to reduce the number of annual days of inpatient hospital care covered by its Medicaid program as violating Section 504. The Court's review was whether such claim was cognizable. *Id.* at 289. *Alexander* reaffirmed *Davis*'s construction of "otherwise qualified" as

meaning that the plaintiff must meet the requirements for the specific program or benefit sought: "*[A]n otherwise qualified handicapped individual* must be provided with meaningful access to the benefit that the grantee offers. The benefit itself, of course, cannot be defined in a way that effectively denies *otherwise qualified handicapped individuals* the meaningful access to which they are entitled . . . ." *Id.* at 301 (emphases added); *see also id.* at 300 n.19 ("[T]he ultimate question is the extent to which a grantee is required to make reasonable modifications in its programs for the needs of the handicapped.").

Adler's contention that all that was necessary for him to be "otherwise qualified" was to allege that he had a mortgage serviced by American flies in the face of both cases. In *Davis*, simply being an applicant or prospective applicant to the community college was not enough; rather, the plaintiff had to show that she met all of the college's nursing program's requirements. *See* 442 U.S.397. Likewise, in *Alexander*, a plaintiff was not "otherwise qualified" just because he was a Tennessee resident; he had to show that he was in fact eligible for the Medicaid benefits at issue. *See* 469 U.S. 287. HAMP has certain baseline eligibility beyond just having a mortgage, and even an eligible mortgage was not entitled to modification under the program. *See, e.g., Boyd*, 787 F.Supp.2d at 753; *Hart,* 735 F.Supp.2d at 747. Adler was thus not "otherwise qualified" merely because he had a mortgage serviced by American–the grantee-entity offering the program at issue. He must have instead sufficiently alleged that he met HAMP's requirements. *See Davis*, 442 U.S. 397; *Alexander*, 469 U.S. 287. That was what I concluded in the Order. And Adler did not so allege. Moreover, those cases concluded that Section 504 mandates that access to certain benefits and programs be provided to those *who actually meet that program or benefit's requirements*. Because

Adler did not allege he met HAMP's requirements, his argument that American was required to accommodate his request so as to access and apply to the program fails.

Consequently, Adler fails to establish that relief under 59(e) is justified.

## IV. Conclusion

For the foregoing reasons, IT IS ORDERED that Adler's Motion to Amend the Judgment in this Matter to Allow for Leave to File a Second Amended Complaint and to Reconsider the Court's Order Dismissing the Action **[Doc #29]** is DENIED.

Date: September   5  , 2012 in Denver, Colorado.

                                            BY THE COURT:

                                              s/Lewis T. Babcock
                                            LEWIS T. BABCOCK, JUDGE